## DEUTSCHER FRAUEN KRANKEN VEREIN
### v.
## HENRY C. BERGER.

*Life Insurance—Mutual Benefit Association—Constitution—Provisions —False Statement as to Age—Evidence.*

In an action by a husband, upon the death of his wife, to recover from a mutual benefit association, in which she was insured, a sum which, under its constitution, was then payable, the association contending that she falsely stated her age when she became a member, being in fact, upon that account uninsurable, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed December 24, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Messrs. Bangs & Bangs, for appellant.

Messrs. Goldzier & Rodgers, for appellee.

Gary, P. J.   The appellants are a mutual benefit association, and the wife of the appellee was a member.   In the constitution of the association are these provisions:

" Section 2 of article 2.   Any German woman between the ages of eighteen and fifty years may become a member of this association.

" Section 5 of article 2.   When a member proposes a candidate she will give to the secretary a statement of the name, age and residence of the candidate, etc.

" Section 7, article 7.   On the death of a member the relatives of the deceased shall at once receive the sum of $100 for defraying the funeral expenses to be paid out of the treasury of the society."

The wife having died, and the association refusing to pay to the appellee the $100, he sued for it.

The defense was that the wife, when she joined the association in 1884, stated her age to be forty-eight, when in fact it was fifty-six.   The exceptions upon which appellants rely are that the court sustained objections to the questions put by appellants to appellee when he was on the stand as a witness, as follows: " Where was your wife born ? "   " In what year was your wife born ? "   And that the court did not permit the appellants to put in evidence the certificate of the attending physician, made by him to the bureau of vital statistics of the city of Chicago.   No general law by which such a certificate is required is referred to, and no ordinance of the city was put in evidence.

If an ordinance had been put in, one question would have been whether it required the age of the deceased to be stated in the certificate.   Where his wife was born was immaterial, and it does not appear that the appellee had any knowledge

or information on that subject; and later in the case he did testify that he did not know what year she was born in, but supposed she was fifty-nine when she died, in 1887, and so told several persons.

The appellants had therefore the full benefit of all the information he could or would have given them in reply to the second interrogatory.

The judgment must be affirmed.

*Judgment affirmed.*